IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INSTITUTE FOR ENVIRONMENTAL HEALTH INC., | |
| Plaintiff, | CIVIL ACTION NO. 23-0826 |
| v. | |
| NATIONAL BEEF PACKING COMPANY, LLC, | |
| Defendant. | |

## OPINION

**Slomsky, J.**                                                    **May 16, 2024**

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................... 3

II.  BACKGROUND ................................................................................................... 3

III. STANDARD OF REVIEW ................................................................................... 5

IV.  ANALYSIS ........................................................................................................... 7

     A.   **Venue is Proper in District of Delaware** .................................................. 7

     B.   **Jumara Factors Do Not Weigh in Favor of Transfer** .............................. 8

          1. Plaintiff's Forum Preference ................................................................. 9

          2. Defendant's Forum Preference .............................................................. 10

          3. Whether the Claim Arose Elsewhere ..................................................... 10

          4. Convenience of the Parties as Indicated by Their Relative Physical
             and Financial Condition ....................................................................... 11

1

5.  Convenience of Witnesses ................................................................. 12

6.  Location of Books and Records ....................................................... 13

7.  Enforceability of Judgment ............................................................. 14

8.  Practical Considerations .................................................................. 14

9.  Relative Administrative Difficulty Due to Court Congestion ........................ 16

10. Local Interest in Deciding Local Controversies at Home .............................. 17

11. Public Policies of Fora .................................................................. 18

12. Familiarity of Trial Judge with Applicable State Law in
    Diversity Cases .................................................................. 18

**V.  CONCLUSION** .......................................................................... 19

## I.      INTRODUCTION

Plaintiff Institute for Environmental Health, Inc. ("Plaintiff" or "IEH") is a corporation that provides testing methods that enable food producers to test products for microbiological contamination such as E. coli, Listeria, and Salmonella before food is released into commerce. (See Doc. No. 20 at 5.)   Defendant National Beef Packing Company, LLC ("Defendant") is a "leader in producing . . . beef products for customers throughout the United States and worldwide." (Doc. No. 12 at 7.)  On August 1, 2023, Plaintiff filed a Complaint alleging infringement of four (4) U.S. patents that relate to Plaintiff's testing methods: U.S. Patent No. 7,534,584; U.S. Patent No. 8,822,143; U.S. Patent No. 9,637,771; and U.S. Patent No. 9,845,486.  (See Doc. No. 20 at 6.) On September 25, 2023, Defendant filed a Motion to Dismiss the Complaint for Improper Venue, or to Transfer the Case [to the District of Kansas].  (Doc. No. 12.)  In the Motion, Defendant argues that the case should be (1) dismissed for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3),[1] or alternatively, (2) transferred to the District of Kansas pursuant to 28 U.S.C. § 1404(a).[2]  (Id.)  For reasons discussed below, Defendant's Motions to Dismiss the Complaint for Improper Venue, or to Transfer the Case (Doc. No. 12) will be denied.

## II.     BACKGROUND

As noted above, Plaintiff IEH provides the food industry with testing methods for microbiological contamination and helps food producers test their products before releasing food into commerce.  (Doc. No. 20 at 5-6.)  Plaintiff is incorporated in the state of Washington and has

---

[1] Federal Rule of Civil Procedure 12(b)(3) provides that "every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion: (3) improper venue."  Fed. R. Civ. P. 12(b)(3).

[2] 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

its principal place of business in Lake Forest Park, Washington.  (Doc. No. 12 at 7.)  Plaintiff does not have any location or employee in the state of Delaware.  (Id.)

Defendant is a limited liability company ("LLC") organized under Delaware law,[3] with its majority owner, NBM US Holdings, Inc., being a Delaware corporation.  (Doc. No. 20 at 6.)  Defendant has operations in six states and four countries.  (Id. at 7.)  Its headquarters are located in Kansas City, Missouri.  (See id.)  Two of its primary beef processing facilities are located in Kansas, and one is located in Iowa.  (Doc. No. 12 at 7.)  While Defendant does not have any offices, employees, plants, or facilities in Delaware, Defendant performs microbiological testing and other food safety protocols as part of its processing of beef products, which are then distributed throughout the United States and worldwide.  (Id.)

On August 1, 2023, Plaintiff filed this action alleging that Defendant's testing methods infringe on four (4) of its U.S. Patents: (1) U.S. Patent No. 7,534,584; (2) U.S. Patent No. 8,882,143; (3) U.S. Patent No. 9, 637,771; and (4) U.S. Patent No. 9,845,486 (the "Patents-in-Suit").  (Id.)  Specifically, Plaintiff alleges that Defendant engages in performing a certain method of testing for contamination, "wet pooling[,]" as well as performing "enrichment methods for testing microbes[,]" both of which are methods patented by Plaintiff.  (Id. at 8.)

---

[3]  The organization of a limited liability company ("LLC") in Delaware is governed by the Delaware Limited Liability Company Act (the "Act").  Del. Code Ann. tit. 6, § 18-101 et seq.  To organize an LLC in Delaware, a certificate of formation must be submitted to the Delaware Division of Corporations.  See Del. Code Ann. tit. 6, § 18-201(a)(1)-(3).  The Act states that "[i]n order to form a limited liability company, 1 or more authorized persons must execute a certificate of formation.  The certificate of formation shall be filed in the office of the Secretary of State and set forth: (1) the name of the limited liability company; (2) [t]he address of the registered office and the name and address of the registered agent for service of process required to be maintained by § 18-104 of this title; and (3) [a]ny other matters the members determine to include therein."  Id.

On September 25, 2023, Defendant filed the Motion to Dismiss the Complaint for Improper Venue or to Transfer Venue, arguing that venue is improper in the District of Delaware for two reasons: (1) Defendant is an unincorporated limited liability company that does not reside in Delaware; (2) Defendant has not committed an act of infringement in Delaware and does not have a regular and established place of business in Delaware.  (See id. at 10-11.) Alternatively, Defendant argues in its Motion that pursuant to 28 U.S.C. § 1404(a), the case should be transferred to the District of Kansas—"the preferred and most convenient forum."  (Id. at 12.)

On November 7, 2023, Plaintiff filed a Response in Opposition to the Motion to Dismiss the Complaint or to Transfer Venue.  (Doc. No. 20.)  Plaintiff submits that venue is proper in the District of Delaware because Defendant is organized under Delaware law and its majority owner is a Delaware corporation.  (See id. at 7-8.)  Plaintiff further argues that transfer to the District of Kansas should be denied based upon a balancing of the factors set forth by the Third Circuit Court of Appeals in Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995).  (Id. at 10.)  On November 21, 2023, Defendant filed a Reply.  (Doc. No. 22.)

## III.    STANDARD OF REVIEW

A party may file a motion to dismiss a case for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  In patent infringement cases, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. §1400(b).  The plaintiff bears the burden of establishing proper venue.  In re ZTE (USA) Inc., 890 F.3d 1008, 1012-13 (Fed. Cir. 2018).  If a court grants a motion pursuant to Federal Rule of Civil Procedure 12(b)(3), it shall dismiss the case as to that party, or "if it be in the interest of justice," it may transfer that case to another district in which the case could have been brought.  28 U.S.C. § 1406(a).

5

Additionally, 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant has the burden of "establish[ing] that a balance of proper interests weigh[s] in favor of the transfer." See Blackbird Tech LLC v. E.L.F. Beauty, Inc., Civ. No. 19-1150-CFC, 2020 WL 2113528, at *1 (D. Del. May 4, 2020) (quoting Shutte v. Armco Steel Corp., 431. F.2d 22, 25 (3d Cir. 1970)). "Unless the balance of convenience of the parties is strongly in favor of the defendant, the plaintiff's choice of forum should prevail." Id. (quoting Shutte, 431 F.2d at 25) (emphasis in original).

Further, in determining if transfer is proper under 28 U.S.C. § 1404(a), the Third Circuit has set forth a two-step inquiry. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995). First, the court determines whether the action could have been brought in the proposed transferee forum. Id. Next, if venue would have been proper in that district, the court then decides whether the public and private interest factors set forth in Jumara favor a transfer. See id. at 879.

The court in Jumara made clear that there is "no definitive formula or list of" the proper interests to be weighed under 28 U.S.C. § 1404(a), but has identified twelve interests that should be considered. See Blackbird Tech LLC, 2020 WL 2113528, at *1; see also Jumara, 55 F.3d at 879. The six private interests are:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id. The other six interests are public:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding

6

local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases. Id. at 879-80.

## IV.    ANALYSIS

### A.  Venue is Proper in District of Delaware

First, under 28 U.S.C. §1400(b), venue is proper in Delaware.  Patent infringement cases "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  In TC Heartland LLC v. Kraft Foods Group Brands LLC, the United States Supreme Court held that for purposes of venue in patent infringement cases, "a domestic corporation 'resides' only in its state of incorporation."  581 U.S. 258, 262 (2017).  "The defendant in TC Heartland LLC was also a Delaware LLC, not a corporation, but the United States Supreme Court did[] n[o]t let this distinction affect its analysis."  (Doc. No. 20 at 9) (citing TC Heartland LLC, 581 U.S. at 262, n.2.)

In the Motion to Dismiss, Defendant argues that as an LLC it is unincorporated, and thus under TC Heartland, LLC, it does not "reside" in Delaware because it was not "incorporated" in Delaware.[4]  (See Doc. No. 12 at 10.)  However, Defendant was organized as an LLC under

---

[4] An LLC, or a limited liability company, blends elements of a partnership and corporate structure. Because it is composed of members, it can be analogized to a partnership.  For tax purposes, an LLC can elect to be treated as a corporation by filing Form 8832 with the Internal Revenue Service.  But most importantly, the venue statute, 28 U.S.C. §1400(b), does not refer to the kind of entity that a defendant has chosen to be.  It merely states that venue is proper where "defendant resides."  Thus, because Defendant was organized under Delaware law and given the holding in TC Heartland, LCC, for the purposes of the venue statute Defendant resides in the state of Delaware.

Delaware law and therefore for purposes of venue resides in Delaware.[5]  Further, other federal district courts have held that an LLC resides in the state in which it was organized.  See, e.g., Seven Networks, LLC v. Google LLC, 315 F. Supp. 933, 938 (E.D. Texas 2018); see also ES Distrib., LLC v. Hangtime LLC, No. CV20469FLWDEA, 2020 WL 6689755, at *1 (D.N.J. Nov. 13, 2020); Fenton Mobility Prods., Inc. v. Pareto Aluminum Sys. LLC, No. 21-CV-1285-LJV, 2022 WL 16836181, at *2 (W.D.N.Y. Nov. 9, 2022).  In addition, the majority member of Defendant's LLC is NBM US Holdings, Inc., which is a Delaware corporation.[6]  Accordingly, venue is proper in the District of Delaware.[7]

### B. **Jumara** Factors Do Not Weigh in Favor of Transfer

Second, in determining whether transfer of venue is warranted under 28 U.S.C. § 1404(a), the Court considers the twelve factors set out in Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995).  As set forth above, the twelve factors are not a definitive list but comprise six

---

[5]  Defendant's formation as an LLC organized under Delaware law, as shown in Exhibit 2 of the Declaration of Benjamin J. Byer in Support of the Response to the Motion to Dismiss (Doc. No. 21), is not alleged within the four corners of the Complaint.  (See Doc. No. 1.)  However, its form may be considered in deciding proper venue under Federal Rule of Civil Procedure 12(b)(3).  "[O]n a motion to dismiss the Court is free to take judicial notice of certain facts that are of public record if they are provided to the Court by the party seeking to have them considered." Diceon Elecs., Inc. v. Calvary Partners, L.P., 772 F. Supp. 859, 861 (D. Del. 1991); see also In re Wheelabrator Techs. Inc. S'holders Litig., No. C.A. 11495, 1992 WL 212595, at *11-12 (Del. Ch. Sept. 1, 1992) (taking judicial notice of certificate of incorporation of a Delaware corporation at the motion to dismiss stage).  In this regard, Defendant's creation as a Delaware entity is filed of public record.  (See Doc. No. 21-2.)  To form a limited liability company ("LLC") in Delaware, a Certificate of Formation must be submitted to the Delaware Division of Corporations.  Thus, because Defendant was organized under Delaware law and consequently resides there, venue is proper in the District of Delaware.

[6]  As noted supra, a court may take judicial notice of certain facts of public record on a motion to dismiss.  See Diceon Elecs., Inc., 772 F. Supp. at 861.  Here, the fact that NBM US Holdings, Inc. is a majority owner of Defendant is a matter of public record.  (See Doc. No. 21-1.)

[7]  Because Defendant resides in Delaware, there is no need to decide for venue purposes whether Defendant committed an act of infringement in Delaware or has a regular and established place of business in Delaware.

private and six public interests to consider when resolving motions to transfer.  See id.  Once again,

the six private interests are:

> [1] plaintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Id.  The six public interests factors are:

> [7] the enforceability of the judgment; [8] practical considerations that could make the trial easy, expeditious, or inexpensive; [9] the relative administrative difficulty in the two fora resulting from court congestion; [10] the local interest in deciding local controversies at home; [11] the public policies of the fora; and [12] the familiarity of the trial judge with the applicable state law in diversity cases.

Id.  Based on these factors, venue is proper in the state of Delaware.  Each factor will be discussed

seriatim.

### 1.  Plaintiff's Forum Preference

The first private interest factor is Plaintiff's forum preference.  Jumara, 55 F.3d at 879.

Plaintiff's preference to litigate the case in the District of Delaware weighs against transfer.

In its Motion, Defendant argues that because Plaintiff is neither organized under Delaware

law nor connected in any way to Delaware, Plaintiff's forum preference should be given less

weight and should be treated as a neutral factor.  (See Doc. No. 12 at 14.)

When weighing the relevant factors, "a plaintiff's choice of a proper forum is a paramount

consideration in any determination of a transfer request," and this choice "should not be lightly

disturbed."  Williamsburg Furniture, Inc. v. Lippert Components, Inc., No. 19-1993, 2020 WL

331119, at *2 (D. Del. Jan. 21, 2020) (quoting Shutte, 431 F.2d at 25).  However, "when the chosen

forum is actually not inherently more convenient for the plaintiff, the plaintiff's preference is

accorded less weight."  Blackbird Tech LLC v. Cloudfare, Inc., 2017 WL 4543783, at *5 (D. Del.

Oct. 11, 2017); see also Linex Techs., Inc. v. Hewlett-Packard Co., 2013 WL 105323, at *3 (D. Del. Jan. 7, 2013) ("[W]hen a plaintiff chooses to bring an action in a district where it is not physically located, its forum preference is entitled to something less than the paramount consideration . . . .").

Here, although Plaintiff's choice of forum here is not given "paramount consideration" because Plaintiff is not physically located in the District of Delaware and this District is not inherently more convenient for Plaintiff,[8] "weight is given to plaintiff's choice because it is plaintiff's choice." Williamsburg Furniture, Inc., 2020 WL 331119, at *3 (quoting Burroughs Wellcome Co. v. Giant Food, Inc., 392 F. Supp. 761, 763 (D. Del. 1975)). Plaintiff has chosen the District of Delaware as the proper forum for this case, and this factor weighs against transfer, despite the lack of connections.

### 2. Defendant's Forum Preference

The second private interest factor under Jumara is Defendant's forum preference. See Jumara, 55 F.3d at 879. Defendant's preferred forum is the District of Kansas because of its ties to that District. (See Doc. No. 12 at 14.) Although Defendant's preference is given less weight than Plaintiff's, this factor favors transfer. See Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 821 F. Supp. 962, 965 (D. Del. 1993).

### 3. Whether the Claim Arose Elsewhere

The third private interest factor under Jumara is whether the claim at issue arose elsewhere, meaning other than the chosen forum. See Jumara, 55 F.3d at 879. Defendant argues that transfer

---

[8] As the Court noted in Williamsburg Furniture, Inc., Plaintiff's lack of ties to the selected forum will be given weight when considering other private and public factors, such as factors three (whether the claim arose elsewhere), four (the convenience of the parties), five (the convenience of the witnesses), six (the location of books and records), and eleven (public policies of the fora). See Williamsburg Furniture, Inc., 2020 WL 331119, at *3.

is appropriate because none of the conduct at issue takes place in the District of Delaware.  (See Doc. No. 12 at 15.)  In particular, Defendant notes that "the microbiological testing and other food safety protocols that are performed on [Defendant]'s beef products all occur within [Defendant's] processing facilities located in Kansas.  (Id.)  To the contrary, Plaintiff argues that venue is proper in Delaware because "[Defendant] sells the beef products tested using the infringing methods throughout the nation, including in Delaware."  (Doc. No. 20 at 13.)

Here, this factor weighs in favor of transfer.  "[A]s a matter of law, a claim for patent infringement arises wherever someone has committed acts of infringement, to wit, 'makes, uses, offers to sell, or sells any patented invention' without authority."  Cellectis S.A. v. Precision Biosciences, Inc., 858 F. Supp. 2d 376, 381 (D. Del. 2012) (quoting 35 U.S.C. § 271(a)).  Plaintiff has alleged that Defendant has performed contamination testing methods and enrichment methods which infringe the patents at issue.  This infringing conduct largely takes place outside the state of Delaware.  Thus, because the claim arose elsewhere, this factor weighs in favor of transfer.

    4.  <u>Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition</u>

The fourth private interest factor under Jumara is the convenience of the parties as indicated by their relative physical and financial condition.  See Jumara, 55 F.3d at 879.

> When determining the convenience of the parties, the Court considers:
>
> (1) the parties' physical location; (2) the associated logistical and operational costs to the parties' employees in traveling to Delaware (as opposed to the proposed transferee district) for litigation purposes; and (3) the relative ability of each party to bear these costs in light of its size and financial wherewithal.

Mitek Sys., Inc. v. United Servs. Auto Ass'n, 2012 WL 3777423, at *6 (D. Del. Aug. 30, 2012) (quoting Fuisz Pharma v. Theranos, Inc., No. 11-1061, 2012 WL 1820642, at *12 (D. Del. May 18, 2012)).  In cases involving Delaware corporations, other federal courts in Delaware have

required the movant to "prove[] that litigating in Delaware would pose a unique or unusual burden on its operations" in order to show that this factor favors transfer. VLSI Tech. LLC v. Intel Corp., 2018 WL 5342650, at *6 (D. Del. Oct. 29, 2018). This rule has been similarly applied to an LLC organized in Delaware. See TSMC Tech., Inc. v. Zond, LLC, No. CV 14-721-LPS-CJB, 2014 WL 7251188, at *16 (D. Del. Dec. 19, 2014).

Here, while the record shows that Defendant does not have any physical location in Delaware and has its most significant operations in and around Kansas, this is insufficient to show an unusual burden on Defendant's operations. Defendant is a billion-dollar corporation with offices in four countries. (See Doc. No. 20 at 13.) Moreover, because Defendant made the decision to organize under Delaware law and "resides" there, it is unable to show such a unique or unusual burden. See TSMC Tech., Inc., 2014 WL 7251188, at *16. Further, while Plaintiff may be required to travel a considerable distance if either Delaware or Kansas is the chosen venue, Plaintiff fairly asserts that Delaware remains a convenient venue. Therefore, this factor weighs against transfer and in favor of venue in Delaware.

### 5. Convenience of Witnesses

The fifth private factor this Court considers is "the convenience of the witnesses." Jumara, 55 F.3d at 879. This factor "carries weight 'only to the extent that the witnesses may actually be unavailable for trial in one of the fora[.]'" Blackbird, 2020 WL 2113528, at *4 (quoting Jumara, 55 F.3d at 879). "'[W]itnesses who are employed by a party carry no weight,' because 'each party is able, indeed, obligated to procure the attendance of its own employees for trial.'" Id. (quoting Affymetrix, Inc. v. Synteni, Inc., 28 F. Supp. 2d 192, 203 (D. Del. 1998)).

Plaintiff argues that this factor is neutral because Defendant fails to "identify with particularity any potential witnesses outside its employ who would not be available for trial in

12

Delaware."  <u>VLSI Tech. LLC</u>, 2018 WL 5342650, at *7.  Although Defendant alludes to the possibility that certain witnesses may "leave their employment with [Defendant] prior to trial," Defendant has not identified with particularity any witnesses who would in fact be unavailable for trial in the District of Delaware.  (<u>See</u> Doc. Nos. 12 at 17, 22 at 8.)  For these reasons, this factor weighs against transfer and favors the case remaining in Delaware.

### 6.  <u>Location of Books and Records</u>

The final private factor considered by the Court is "the location of books and records[.]" <u>Jumara</u>, 55 F.3d at 879.  The location of books and records only is given weight "to the extent that the files could not be produced in the alternative forum."  <u>Id.</u>  This factor is neutral when the parties have "not identified any evidence that could not be produced in Delaware."  <u>VLSI Tech. LLC</u>, 2018 WL 5342650, at *7 (quoting <u>Jumara</u>, 55 F.3d at 879).

Here, Defendant argues that its books and records are located either within the District of Kansas or in close proximity to it.  (<u>See</u> Doc. No. 22.)  In particular, Defendant contends that it "keeps relevant documents within the District of Kansas, including paper documents relating to [Defendant]'s beef safety testing, and keeps no documents in Delaware."  (<u>Id.</u> at 8.)  However, Defendant also admits that "[m]ost of the documentation related to [Defendant]'s beef safety testing is stored electronically."  (Doc. No. 20 at 15.)  Thus, Defendant does not specify what relevant evidence exists that could not be produced in Delaware.  Moreover, Plaintiff has not stated where its books and records are located.  Accordingly, because Defendant's documents related to its safety testing are largely stored electronically and Plaintiff has not stated that its books and records cannot be produced for trial in Delaware, this factor is neutral.

7.   Enforceability of Judgment

The first public factor considered is the enforceability of the judgment in the competing fora.  Cloudfare, Inc., 2017 WL 4543783, at *13.  Both parties agree that this factor is neutral.  (See Doc. Nos. 12 at 18; 20 at 16.)  Judgments would be equally enforceable in both the District of Delaware and the District of Kansas.  See Blackbird Tech LLC, 2020 WL 2113528, at *4.  Thus, the Court finds that this factor is neutral.

8.   Practical Considerations

The eighth factor under Jumara instructs this Court to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive."  Jumara, 55 F.3d at 879.

Plaintiff argues that in the event it files any related actions, practical considerations weigh against transfer in the interests of judicial economy.[9]  (See Doc. No. 20 at 16.)  Plaintiff also maintains that the location of its headquarters and facilities is immaterial for trial purposes.  (See id. at 16-17.)  Plaintiff further submits that while there is no vital evidence located in Delaware, Defendant's records are available electronically.  (See id. at 15, 17.)  Finally, Plaintiff argues that given Defendant's size and financial resources, trial in Delaware can be undertaken easily by Defendant and its witnesses can be produced for trial there.  See GE Healthcare Bio-Sciences AB v. Bio-Rad Laboratories, Inc., 2019 WL 1985183, at *5 (D. Del. May 6, 2019) (citing Smart Audio Techs., LLC v. Apple, Inc., 910 F. Supp. 2d 718, 731 (D. Del. 2012)).

To the contrary, Defendant contends that this factor strongly favors transfer because the only connection with Delaware is Defendant's legal status as a Delaware limited liability company.

---

[9] Plaintiff notes that it has not filed any related actions.  (See Doc. No. 20 at 16.)  Because Plaintiff's argument rests on a hypothetical situation, the Court does not give it substantial weight.

(See Doc. No. 12 at 18-19) (citing Williamsburg Furniture, Inc., 2020 WL 331119, at *5).  In support of this contention, Defendant notes that (1) its headquarters and the majority of its beef processing facilities, (2) the alleged infringement, and (3) evidence and witnesses all are located in or near Kansas.  (See id. at 19.)

When weighing the practical considerations, courts have held that meaningful connections to the proposed alternative forum weigh in favor of transfer.  See Williamsburg Furniture Inc., 2020 WL 331119, at *5.  In Williamsburg Furniture Inc., the court addressed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a).  See id. at *1.  When considering the eighth factor under Jumara, the court noted that the only connection between the parties, the claims, and the plaintiff's chosen venue was the defendant's place of incorporation.  Id. at *5.  Numerous connections to the defendant's proposed alternative forum existed.  See id.  For example, not only were both parties headquartered in the alternative forum, but both parties also had a place of business there.  See id. Additionally, the products at issue in the case were designed and manufactured in the proposed alternative forum, and a majority of the third parties or witnesses identified in the complaint were located in the alternative forum.  See id.  Therefore, the court found that the factor of practical considerations weighed in favor of transfer.  See id.

Here, however, this factor does not weigh in favor of transfer.  Unlike in Williamsburg Furniture, Inc., where both parties were headquartered in the proposed alternative forum, as well as multiple relevant third parties, Plaintiff is not headquartered in the District of Kansas and has no place of business there.  Further, no third parties or witnesses residing in Kansas were identified in the Complaint.  Additionally, because of Defendant's "relative size and financial resources[,]" as a multi-billion dollar company with offices in six states and four countries, venue in Delaware

15

is appropriate.  Accordingly, this factor weighs in favor of venue in Delaware.  (<u>See</u> Doc. No. 20 at 7.)

9.   <u>Relative Administrative Difficulty Due to Court Congestion</u>

The next public factor is the relative administrative difficulty due to court congestion. <u>Jumara</u>, 55 F.3d at 879.  Defendant argues that because the District of Kansas has significantly fewer pending cases per judge and the median time to trial is longer in the District of Delaware, transferring this case "would help to reduce the significant congestion faced by judges in the District of Delaware and better allocate judicial resources."[10]  (<u>See</u> Doc. No. 12 at 20.)  However, Plaintiff argues that Defendant's statistics misrepresent how quickly this case would be resolved, and Defendant's description of this factor is not complete.  (<u>See</u> Doc. No. 20 at 17-18.)  On this point, Plaintiff suggests that the statistics provided by Defendant, as averages of all civil cases in the District of Delaware, are insufficient to determine what would be the amount of time to reach the resolution of the instant case.  (<u>See</u> <u>id.</u> at 18.)  Alternatively, Plaintiff provides statistics on specific patent cases in the two possible fora, suggesting that maintaining venue in the District of Delaware would lead to a more expeditious resolution.  (<u>See</u> <u>id.</u> at 18-20.)  Plaintiff also asserts that this Court should "not under § 1404(a) look to docket conditions . . . to serve the court's own convenience."  (<u>See</u> <u>id.</u>) (quoting 15 Wright, Miller & Cooper, Fed. Prac. & Proc.: Juris. § 3854 (4th ed. April 2023)).

Here, court congestion does not favor transfer of this case to the District of Kansas.  This Court, although physically located in the Eastern District of Pennsylvania, was assigned to preside

---

[10] Defendant also asserts that the District of Kansas has 451 less "weighted filings" per judge, which "account[s] for the different amounts of time district judges require to resolve various types of civil and criminal actions."  (<u>See</u> Doc. No. 12 at 19.)

16

over this case by the Chief Judge of the Third Circuit Court of Appeals. This Court has no "court congestion" that will interfere with the fair and expeditious handling of this case. Accordingly, this factor weighs against transfer.

      10. <u>Local Interest in Deciding Local Controversies at Home</u>

      The tenth factor under <u>Jumara</u> directs this Court to consider "the local interests in deciding local controversies at home[.]" <u>Jumara</u>, 55 F.3d at 879. Both parties recognize that "patent issues do not give rise to a local controversy or implicate local interests[.]" <u>VLSI Tech. LLC</u>, 2018 WL 5342650, at *9 (quoting <u>TriStrata Tech., Inc. v. Emulgen Labs., Inc.</u>, 537 F. Supp. 2d 635, 643 (D. Del. 2008)). However, Defendant argues that this factor weighs in favor of transfer because the asserted patent infringement is a method claim[11] in which the alleged infringing conduct only takes place in the District of Kansas. <u>See</u> <u>In re Hoffman-La Roche, Inc.</u>, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Plaintiff submits this factor is neutral because Defendant is "attempt[ing] to double-count the third factor (whether the claim arose elsewhere)." (Doc. No. 20 at 21.) Relying on <u>VLSI</u>, Plaintiff argues that no local controversy exists in the proposed venue of Kansas because neither Defendant nor Plaintiff reside in Kansas. (<u>See</u> <u>id.</u>)

      Here, the tenth factor is neutral. "[P]atent issues do not give rise to a local controversy or implicate local interests." <u>VLSI</u>, 2018 WL 5342650, at *9 (quoting <u>TriStrata Tech., Inc. v. Emulgen Labs., Inc.</u>, 537 F. Supp. 2d 635, 643 (D. Del. 2008)). The fact that this case involves a "method claim" does not impact the analysis of this factor as this is not a local controversy. Therefore, this factor is neutral.

---

[11] A method claim is a type of patent infringement claim that asserts infringement on the steps of a patented process, rather than the recreation of a patented design or product. Here, Plaintiff asserts that Defendant has performed patented steps in a test created by Plaintiff to identify contaminants in meat.

11. <u>Public Policies of Fora</u>

Under the eleventh factor set out in <u>Jumara</u>, the Court considers the "public policy of the fora." <u>Jumara</u>, 55 F.3d at 879.  Courts in the District of Delaware have recognized a public policy that encourages Delaware "entities" and "corporations" to resolve disputes in Delaware courts. <u>See</u> <u>Blackbird Tech LLC</u>, 2020 WL 2113528, at *5 (quoting <u>Round Rock Rsch., LLC v. Dell, Inc.</u>, 904 F. Supp. 2d 374, 378 (D. Del. 2012)); <u>see also</u> <u>Williamsburg Furniture, Inc.</u>, 2020 WL 331119, at *6.  Additionally, a business entity's formation in Delaware "weighs in favor of keeping the litigation in Delaware" because the entity elected to avail itself of the benefits of Delaware law and "willingly submitted to suit there." <u>Michron Tech, Inc. v. Rambus Inc.</u>, 645 F.3d 1311, 1332 (Fed. Cir. 2011).

In its Motion, Defendant contends that when a non-Delaware plaintiff sues a Delaware corporation that "does not want to litigate here[,]" this factor is neutral.  (<u>See</u> Doc. No. 12 at 21) (citing <u>Williamsburg Furniture, Inc.</u>, 2020 WL 331119, at *6).  Defendant further avers that this public policy "generally applies to the use of Delaware's state courts," because patent infringement claims will be resolved in a uniform manner across all federal district courts.  (<u>See</u> <u>id.</u>) (citing <u>Express Mobile, Inc. v. Web.com Grp., Inc.</u>, No 19-1936, 2020 WL 3971776 at *5 (D. Del. July 14, 2020) (quoting <u>MEC Res., LLC v. Apple, Inc.</u>, 269 F. Supp. 3d 218, 228 (D. Del. 2017)).

Here, Plaintiff is a non-Delaware corporation suing a Delaware entity that does not wish to litigate in the District of Delaware.  In any event, because both parties agree that the factor covering public policies of the fora is a neutral one, it will be treated as such.

12. <u>Familiarity of Trial Judge with Applicable State Law in Diversity Cases</u>

Finally, under the twelfth <u>Jumara</u> factor, the Court considers "the familiarity of the trial judges [in the District of Delaware and District of Kansas] with the applicable state law in diversity

cases." <u>Jumara</u>, 55 F.3d at 879.  Typically, when a claim arises under federal patent law, this factor remains neutral because state law is not applicable to these types of cases.  Moreover, Plaintiff submits that the District of Delaware's extensive familiarity with patent law under this factor weighs in favor of venue remaining in Delaware.  (<u>See</u> Doc. No. 20 at 22.)  Here, because state law is not applicable to the instant patent case, this factor is neutral, regardless of the expertise of the trial judge on patent law.

## V.      CONCLUSION

For the above reasons, venue is proper in the District of Delaware.  Defendant is a Delaware LLC organized under Delaware law and resides there.  And of the twelve (12) <u>Jumara</u> factors, five weigh against transfer, two weigh in favor of transfer, and five are neutral.  On balance, therefore, the <u>Jumara</u> factors weigh in favor of venue remaining in the District of Delaware.  Accordingly, Defendant's Motion to Dismiss the Complaint for Improper Venue or to Transfer the Case to the District of Kansas (Doc. No. 12) will be denied.